J. H. BLOCH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10076.   Promulgated March 22, 1927.

Loss on the sale of certain stock allowed.

*F. R. Angevine, Esq.,* for the petitioner.
*John D. Foley, Esq.,* for the respondent.

This proceeding is for the redetermination of a deficiency in income tax for the year 1920 in the amount of $8,943.04. The question involved is whether or not the petitioner, in computing his net income for the year 1920, is entitled to a deduction on account of a loss claimed by him to have been sustained on the sale of certain shares of stock.

FINDINGS OF FACT.

The petitioner is an individual residing at Tulsa, Okla.

In the year 1912, the petitioner, who was at that time unmarried, acquired an oil lease for $33,000. In the year 1917 he and two other men formed the Bloch Oil Co. and the said oil lease was transferred to the company in exchange for 3,300 shares of its capital stock of the par value of $10 each. The petitioner was at that time in financial difficulties and for that reason he caused a certificate for 3,295 shares of the said stock to be issued in the name of his wife, E. G. Bloch, whom he had married in the year 1915. The certificate for the remaining 5 shares was issued to the petitioner in his own name. The certificate for 3,295 shares, issued in the name of E. G. Bloch, was not actually delivered to her but was held by the petitioner. In the year 1919, E. G. Bloch, at the request of the petitioner, endorsed said certificate for 3,295 shares in blank and returned it to the petitioner, who retained it until the year 1920, when he sold said 3,295 shares, together with the 5 shares standing in his own name, for $13,200. In the

petitioner's income-tax return for the year 1920, a deduction from gross income was claimed in the amount of $19,800 as a loss on the sale of said stock. The respondent disallowed the deduction.

OPINION.

MARQUETTE: It does not appear from the record that the respondent disputes either that a loss was sustained in the year 1920 from the sale of the stock of the Bloch Oil Co. involved herein, or that the loss was in the amount claimed. On the contrary, the record indicates that the respondent refuses to allow the petitioner to deduct the amount of the loss on the ground that the stock belonged, not to him, but to his wife. However, regardless of the grounds upon which the respondent has disallowed the deduction claimed by the petitioner, we are satisfied that a loss in the amount claimed was sustained in the year 1920 on the sale of the stock in question, which loss the petitioner is entitled to deduct in computing his net income for that year. The evidence shows that the lease which the petitioner turned over to the oil company was acquired by him prior to his marriage for $33,000. It also shows that the certificate of stock issued in the name of the petitioner's wife was never delivered to her and that the petitioner never intended her to have possession or control of the stock but intended it to be his own property. From the time it was issued until 1919, it remained in the petitioner's possession and in that year the petitioner's wife, at his request, endorsed it in blank and returned it to him. So far as the record discloses, she knew nothing of the stock standing in her name until the petitioner brought her the certificate for her endorsement. We are satisfied that the wife never had any real interest in this stock; that it was the petitioner's property at all times, and that the loss sustained on the sale of the stock in 1920 was the petitioner's loss.

*Judgment will be entered on 15 days' notice, under Rule 50.*